UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

2019 JAN 23  PM 4: 09

M. REGINA THOMAS
CLERK
BY
DEPUTY CLERK

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| SABRINA JONES-SMITH | CASE NO. 18-68614-LRC |
| Debtor | |

vs.

IGOR STEPHENS, Esq.

RUBIN LUBLIN, LLC

    Movant,

FCI LENDER SERVICES INC. /

WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A

RESIDENTIAL CREDIT OPPORTUNITIES TRUST V

*Amended*

MOTION FOR EMERGENCY HEARING OF NON VALIDATION OF FORECLOSURE SALE AND MOTION OF CREDITOR VIOLATION OF RELIEF OF STAY

Here Comes, Sabrina Jones-Smith, Pro Se Debtor filed a Chapter 7 case for Bankruptcy protection on November 5, 2018 in U.S Northern District of Georgia Bankruptcy Court in Atlanta. Debtor, contacted the Attorney's office of Rubin Lubin on November 5th to alert them of the Chapter 7 filing that afternoon and that the lender had been noted on the filing and she left 3 voice messages in the afternoon of Nov. 5th. On the morning of Nov. 6th the Debtor contacted the law offices again and having an opportunity to speak with a clerk and stating that she had filed the Chapter 7. The paralegal of RUBIN LUBIN in the bankruptcy department stated the filing

wouldn't matter and would not provide any relief. The Debtor filed a motion to impose the stay on November 6th and requesting an hearing, which granted the motion of relief of stay on November 15th from the court. The Debtor received a Notice for Demand of Possession from RUBIN LUBIN around the November 17th, 2018 from lender attorney and the notice of the motion to impose the stay granted from the courts around the 19th of November. The Debtor had a Meeting of the Creditors scheduled on December 5th, 2018 an unfortunately did not attend due to having the Flu. The Debtor was under the assumption that her case was dismissed because she missed the meeting of creditors and assumed the Lender- FCI LENDER SERVICES & the Attorney RUBIN LUBIN, had gotten a clearance from the courts to continue with Dispossessory proceedings, thinking the Relief of Stay had been lifted because of the ongoing and continual aggressive action to evict debtor from her home at 813 Rock Lane in Mcdonough, Ga 30253. The Debtor in fear of being put on the street, responsibly responded within the 7 days given by Magistrate Court of Henry County to the Dispossessory and was given a December 26, 2018 hearing date. Debtor received multiple calls and letter correspondence from Attorney Igor Stephens of RUBIN LUBIN, as well as a Broker Agent Noelle Stewart of Stewart Brokers leaving multiple notices to vacate the property and offering Cash for Keys. Debtor spoke to and person name Jeff at American Mortgage the owner of the loan after failed attempts to reach anyone at FCI and was told eviction proceedings would continue and there was an offer for Cash for Keys only. Rubin Lubin Attorney Stephens offered to provide a consent to be filed with the court in lieu of having an hearing in front of the judge on the day of hearing and the agent negotiated a move out date of January 18th, 2019 for Debtor to leave the property. Debtor still overcoming the flu and under extreme emotional duress & overwhelmed with anxiety and uncertain of her circumstances, appeared in court on the 26th of December and signed a consent for the avoidance of Eviction and Judgement against her with the Attorney to vacate by January 21st, 2019. Three days later Debtor received the notice of the 341 Meeting of Creditors was rescheduled and set for January 10th, 2019. Debtor still not clear if the Motion of Stay was in still

valid and in active. The Debtor attended the Meeting of Creditors with Trustee Neil Gordon and spoke to an attorney from the Clark & Washington Law Firm, that had represented the Debtor in a previous Chapter 13 filing in the hall after her 341 meeting and explained the dilemma to the attorney about the aggressive actions of the Lender attorney & agent to remove her from the property and the confusion of not realizing the Bankruptcy was still indeed active. The Attorney told the Debtor to go back to the county court and attempt to stop the proceedings in Henry County, by the Attorney, Lender and Lender Broker Agent while still under bankruptcy protection. On January 11, 2019, Debtor wrote a lengthy explanation to the judge requesting the Consent Judgement be cancelled and the Judge declined. Debtor explained to Magistrate Clerk the circumstances and was told the eviction would move forward, in spite of the Bankruptcy protection still in place. The Debtor was alerted on January 15, 2019 by the Trustee office that the Lender did not validate the Foreclosure Sale with the Courts, as well as the Creditor & Movant did not file for Relief from the Stay Bankruptcy Code 362 or an Abandonment of the Property within the Stay per the Bankruptcy code 554. The Debtor is seeking relief due to now having a better understanding that her signing of the consent judgement form of the filed Dispossessory Hearing with the Attorney of the Lender and the agreement for cash for keys with the Broker agent is invalid because she had no knowledge of her protection rights as well as she not having the permission from the Trustee of the court to enforce either agreement. Debtor now ask the court to Cease all Dispossessory action of the Creditor & Movant listed that is causing continual duress to the Debtor while still under Bankruptcy protection. With a clear Violation of the Stay and failure to validate the foreclosure sale date of November 6th, 2018 with the court, the Debtor prays that: Retroactive Relief of Stay be granted promptly from the day of filing on November 5th, 2018 and ask the court the Debtor be allowed to have the Foreclosure sale be set aside to confirm legitimacy of the sale due to the filing of the Chapter 7 the day before the sale day, while the Chapter 7 discharge continues without disruption.

Sabina Jones-Smith, Pro SE

1/17/19

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

IN RE: __Sabrina Jones-Smith__)    Case No: __18-68614__
_____)
_____)   Chapter  __7__
_____)
_____)
Debtor(s)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify under penalty of perjury that I am, and at all times hereinafter mentioned, was more than 18 year of age, and that on the __17th__ day of __January__, 20__19__, I served a copy of _Amended_ __Motion for Emergency Hearing of Non Validation of Foreclosure Sale and__ which was filed in this bankruptcy matter on the __17th__ day of __Jan__, 20__19__ _Motion of Creditor Violation of Relief of Stay_

Mode of service (check one):    (✓) MAILED    ( ) HAND DELIVERED

Name and Address of each party served (If necessary, you may attach a list.):
__SEE ATTACHED__

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT

Dated: __1/17/19__    Signature: __Sabrina J. Smith__
Printed Name: __Sabrina Jones-Smith__
Address: __813 Rock Lane__
__Mcdonough, Ga 30253__

Phone:

(Generic Certificate of Service – Revised 4/13)

Neil C. Gordon

Arnall, Golden, & Gregory, LLP

171 17th St N NW #2100

Atlanta, Ga 30363

FCI LENDER SERVICES LLC

PO BOX 27370

Anaheim, Ca 92809

Henry County Magistrate Court

One Judicial Center Suite 260

Mcdonough, Ga 30253